# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| VICTOR V. ROSE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-19-641-R |
| | ) | |
| CHARLES RAY ELLIOT, et al., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff filed this action seeking monetary and injunctive relief pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b)(1)(B) and (C), the matter was referred to United States Magistrate Judge Suzanne Mitchell for preliminary review. On July 29, 2019, Judge Mitchell issued her Report and Recommendation. Therein Judge Mitchell recommends that the matter be dismissed upon screening pursuant to 28 U.S.C. § 1915A(a). Judge Mitchell further recommends that Plaintiff's Application for Leave to Proceed In Forma Pauperis be denied as moot upon the adoption of her Report and Recommendation. The matter is currently before the Court on Petitioner's timely objection to the Report and Recommendation, which gives rise to the Court's obligation to undertake a *de novo* review of those portions of the Report and Recommendation to which Petitioner makes specific objection. Cognizant of its obligation and granting Plaintiff's filing the liberal construction mandated by *Haines v. Kerner*, 404 U.S. 519 (1972), the Court enters judgment in favor of the Defendants Elliot and Pond and denies as moot Plaintiff's Application for Leave to Proceed In Forma Pauperis.

Plaintiff alleges that in denying him bond after his arrest, Defendants Judge Charles Ray Elliot and Prosecutor Daniel B. Pond subjected him to cruel and unusual punishment, denied him due process, and violated his right to equal protection, and his right to bail.[1] For these alleged violations, Plaintiff sued Defendants in their individual capacities seeking monetary relief totaling $10,000.00. Plaintiff also sued Defendants in their official capacities seeking injunctive relief—requesting that this Court dismiss his state criminal charges and remove him from "high max security" housing and place him in non-violent-offender housing.

Judge Mitchell recommends that Plaintiff's claims against defendants in their individual capacities for monetary relief be dismissed because they enjoy absolute immunity. Judge Mitchell submits that immunity is available because during the relevant period both Judge Elliot and Prosecutor Pond were acting in the proper course of their roles as judge and advocate for the state, respectively. Judge Mitchell further recommends that Plaintiff's claims against the defendants in their official capacities for injunctive relief be dismissed. First, Judge Mitchell submits that Plaintiff's request that the Court dismiss his state criminal charges as relief for alleged due process violations should be dismissed because *Younger v. Harris*, 401 U.S. 37 (1971) does not permit the Court to interfere with ongoing state court proceedings. Second, Judge Mitchell submits that Plaintiff's request that the Court remove him from "high max security" housing and place him with non-

---

[1] Plaintiff is currently in pretrial detention, awaiting trial on felony charges in the District Court in and for Oklahoma County, Oklahoma, Case No. CF-2018-5739. *See* Doc. 1 at 7-10.

violent offenders as relief for alleged cruel and unusual punishment should be dismissed because Plaintiff failed to state a proper claim under 42 U.S.C. § 1983.

Before recording his objections, Plaintiff requests that the Court order a special report in this matter and alleges that he has not been allowed to view any federal rules or law to prepare his objection or complaint. Doc. 8 at 5. But a special report is not necessary here. *See Martinez v. Aaron*, 570 F.2d 317 (1978) (finding that a special report is warranted where a more developed record is necessary to enable a court to decide preliminary issues, including those of jurisdiction). And additional legal research will not aid Plaintiff in this case. The law and facts are clear enough for this Court to decide the matters at issue.

In his first objection Plaintiff asserts that Defendants Elliot and Pond are not entitled to absolute immunity on Plaintiff's claim for monetary relief. Doc. 8 at 3. As to Judge Elliot, Plaintiff initially contends that the Judge acted "outside his judicial capacity" when he refused to hear Plaintiff's Motion to Set Bond for seven months. *Id.* The record, however, contradicts Plaintiff's factual allegation. Judge Elliot heard Plaintiff's Motion to Set Bond on July 8, 2019, about two months after Plaintiff filed his motion. *See* Def.'s Mot. To Set Bond, *State of Okla. v. Victor Rose*, CF-2018-5739 (May 9, 2019 MO); [2] Hearing on Mot. To Set Bond, *State of Okla. v. Victor Rose*, CF-2018-5739 (July 8, 2019 CTFREE). [3] That a two-month period separated Plaintiff's filing and hearing to set bond does not strip Judge Elliot of absolute immunity. *See Agrawal v. Courts of Oklahoma*, 764 Fed. Appx. 809, 810 (10th Cir. 2019) (noting that judges are "absolutely immune even when their action

---

[2] http://www.oscn.net/dockets/GetCaseInformation.aspx?db=oklahoma&number=CF-2018-5739
[3] http://www.oscn.net/dockets/GetCaseInformation.aspx?db=oklahoma&number=CF-2018-5739

3

is erroneous, malicious, or in excess of their judicial authority"). Additionally, Plaintiff contends that Judge Elliot's rationale for ultimately denying Plaintiff's motion was "unsound and had no legal basis." *Id.* But Plaintiff provides no factual support for these conclusory allegations. Consequently, Plaintiff's objection is lacking. *See Ashcroft v.* Iqbal, 556 U.S. 662, 678 (2009) (holding that conclusory statements are insufficient to support a cause of action in federal court).

As to Prosecutor Pond, Plaintiff concedes that Mr. Pond was acting "in his capacity" as a prosecutor during the relevant period. Doc. 8 at 3. As Judge Mitchell recommends, Mr. Pond is therefore entitled to absolute immunity. *See Quintana v. Waters*, 769 F. App'x 648, 649 (10th Cir. 2019) (citation omitted; internal quotation marks omitted) (noting that prosecutors are absolutely immune from civil liability for damages for acts undertaken within their capacity as advocates for the State).

The Plaintiff further objects—presumably—to Judge Mitchell's recommendation that the Court find Plaintiff's first claim for injunctive relief insufficient to implicate the bad faith exception to *Younger* abstention.[4] Plaintiff first asserts that both defendants acted in bad faith by intentionally neglecting Plaintiff's bail request for seven months. Doc. 8 at 4. As stated previously, this allegation is contradicted by the record. Next, Plaintiff asserts that Defendant Pond acted in bad faith because he had a personal relationship with Plaintiff's arresting officer. *Id.* To satisfy the "bad faith" exception to *Younger*'s requirement that federal courts not interfere with state court proceedings, Plaintiff must

---

[4] Plaintiff does not object to Judge Mitchell's recommendation that the Court find the three requirements for *Younger* abstention satisfied but does allege that defendants acted in bad faith, *see* Doc. 8 at 4, ostensibly suggesting that defendants actions fit into the "bad faith" exception to *Younger's* abstention requirement.

4

allege that his prosecution was "undertaken by state officials in bad faith without hope of obtaining a valid conviction." *Perez v. Ledesma*, 401 U.S. 82, 85 (1971). Merely asserting that Prosecutor Pond had a relationship with Plaintiff's arresting officer does not suffice. At bottom, Plaintiff's objections do not implicate an exception to *Younger* abstention.

Finally, as to Plaintiff's second claim for injunctive relief, —his cruel and unusual punishment claim under § 1983— Judge Mitchell recommends that Plaintiff's claim be dismissed because he failed to describe an "'official policy or custom [that] was deliberately indifferent to his constitutional rights and the moving force behind his injury.'" *See* Doc 7 at 11-12 (citing *Porro v. Barnes*, 624 F.3d 1322, 1328 (10th Cir. 2010)). Plaintiff objects, alleging that Judge Elliot showed deliberate indifference to Plaintiff's constitutional rights when he declined to change Plaintiff's cell placement. Doc. 8 at 4. This response is evidently not a specific objection to Judge Mitchell's recommendation. As such, the Court need not address it here.

The Court, however, declines to adopt Judge Mitchell's rationale for dismissing Plaintiff's cruel and unusual punishment claim under § 1983 against Judge Elliot in his official capacity. A different rationale settles the issue. This Court has recognized that "[s]ection 1983 expressly disallows injunctive relief against a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." *Jones v. Heaton*, No. CIV-18-1220-R, 2019 WL 386207, at *3 (W.D. Okla. Jan. 30, 2019), *aff'd*, 775 F. App'x 966 (10th Cir. 2019) (citation omitted; internal quotations omitted); 42 U.S.C. § 1983 ("[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity,

5

injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."). Plaintiff has not alleged that Judge Elliot violated a declaratory judgment or that declaratory relief was unavailable. And though he does earlier allege that Judge Elliot acted outside his judicial capacity, Plaintiff's only support—that Judge Elliot delayed hearing Plaintiff's Motion to Set Bond for seven months—is, as noted previously, contradicted by the record. Plaintiff's claim is therefore barred by § 1983.

The Court has conducted its *de novo* review of the Report and Recommendation and the Plaintiff's objection thereto. Having conducted this review, Judge Mitchell's Report and Recommendation is adopted to the extent it is consistent with this order. Judgment shall be entered in favor of the Defendants Elliot and Pond in their individual and official capacities. Accordingly, Plaintiff's Application for Leave to Proceed In Forma Pauperis is DENIED as moot.

**IT IS SO ORDERED** this 4th day of October 2019.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE